Filed 3/8/22  P. v. McClish CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093042 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F07198) |
| v. | |
| KENNETH McCLISH, | |
| Defendant and Appellant. | |

Defendant Kenneth McClish appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.95[1] as to his convictions for second degree murder and attempted murder.  Defendant contends the trial court erred in finding him ineligible for relief as a matter of law.  Based, in part, on new legislation that applies retroactively to defendant's case, the People concur that defendant is entitled to

---

[1]  Undesignated statutory references are to the Penal Code.

1

reversal and remand for further proceedings on both convictions. As we shall explain, we agree with the parties.

BACKGROUND

Given the nature of this appeal, it is not necessary to recount at length the events leading up to the shooting death of Allen Qualls and the shooting of M.W., resulting in defendant's convictions for second degree murder (§ 187) and attempted murder (§§ 664/187).[2] (*King, supra*, C050300.)[3] It is enough to state that codefendant Demarkas King approached Qualls and M.W. while they were seated in a car and fired a gun multiple times, striking both men. Although King tried to prove at trial that he acted alone, the evidence established defendant was involved in the commission of the offenses. (*King, supra*, C050300.) The jury was instructed on several degrees and theories of homicide including second degree felony murder (CALJIC Nos. 8.32, 8.33, 8.34, & 9.03) and was also instructed on coconspirator joint responsibility where liability attaches for a murder or attempted murder when that was a natural and probable consequence of the agreed-upon crime(s) (CALJIC No. 6.11). The jury, however, made no findings to indicate the theory (or theories) of murder on which it rested its verdicts.

---

[2] Defendant was also convicted of being a felon in possession of a firearm (former § 12021, subd. (a)(1)), and the jury found true the allegations that defendant personally used a firearm (§ 12022.53, subd. (b)) and that all defendants were armed in the commission of the offenses (§ 12022, subd. (a)(1)). The trial court also found defendant had two prior strike convictions (§ 667, subds. (a), (b)-(i)) and had served three prior prison terms (§ 667.5, former subd. (b)). (*People v. King et al.* (Oct. 19, 2006, C050300) [nonpub. opn.] (*King*).) However, neither these convictions, nor defendant's sentence related to them, are relevant to this appeal.

[3] On our own motion, we take judicial notice of our opinion affirming the judgment of conviction and sentence in defendant's direct appeal. (Evid. Code, §§ 459, subd. (a), 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

We upheld defendant's convictions on appeal.  In doing so, this court rejected defendant's argument that there was insufficient evidence to support his convictions.  We concluded "[t]here is substantial evidence that [defendant] aided and abetted [King] in the crimes he actually committed" and "[v]iewed most favorably to the judgment, the evidence [was] that McClish knew [King] intended to shoot [M.W.] (whether with intent to kill or conscious disregard for [M.W.]'s life) and facilitated that crime, thus also facilitating the murder of Qualls by means of transferred intent . . . ."  (*King, supra*, C050300.)  Because we resolved the appeal thusly, we did not address the viability of the remaining theories presented to the jury at trial.

On January 25, 2019, defendant filed a pro. per. petition for resentencing under section 1170.95, requesting the trial court vacate his second degree murder conviction.  The People opposed this petition, and briefing concerning defendant's eligibility ensued.  During briefing, defendant asserted his attempted murder conviction should also be reviewed under the provisions of section 1170.95.

On October 28, 2020, the trial court denied defendant's petition for relief in a written ruling.  The trial court determined that defendant was not eligible for relief under section 1170.95 because this court's previous opinion established, as a matter of law, defendant was convicted as a direct aider and abettor.  Accordingly, the trial court found, defendant "is not a person who could not be convicted of murder as a result of the [Senate Bill No.] 1437 changes to Penal Code [sections] 188 and 189."  The trial court did not address whether defendant's attempted murder conviction fell under the purview of section 1170.95.  Defendant timely appealed.

## DISCUSSION

Defendant asserts, and the People agree, that this court's prior finding that there was "substantial evidence" to support a direct aiding and abetting theory of guilt does not render his convictions ineligible for relief as a matter of law because it does not conclusively establish the jury convicted him under a still valid theory.  The parties also

3

agree that defendant is entitled to seek relief under section 1170.95 for his attempted murder conviction in light of recent amendments made through Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775). We agree the trial court erred in denying defendant's petition and will remand the case for further proceedings.

*A. Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, was enacted to amend " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842, quoting Stats. 2018, ch. 1015, § 1, subd. (f).) The bill also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*Gentile,* at p. 843.)

In *People v. Lewis* (2021) 11 Cal.5th 952, our Supreme Court clarified the procedures created through section 1170.95. In particular, the court concluded that where "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Lewis,* at p. 966, fn. omitted.) After counsel has been appointed and the parties have had the opportunity for briefing, the trial court may "consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' " (*Id.* at p. 957, quoting former § 1170.95, subd. (c).) If, taking the petitioner's factual allegations as true, petitioner would be entitled to relief if his or her factual allegations were proved, the court must issue an order to show cause. " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis,* at p. 971.)

While this case was pending on appeal, the Legislature enacted Senate Bill 775 which amended section 1170.95 to, among other changes, permit certain defendants convicted of attempted murder to petition for relief and clarify that "[a] finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170, subd. (d)(3).) Senate Bill 775 became operative on January 1, 2022. The People agree it is applicable to attempted murder convictions, such as defendant's, not final on appeal as of the effective date of the statute. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307-308; *In re Estrada* (1965) 63 Cal.2d. 740, 744.)

*B. Analysis*

Because Senate Bill 775 is now operative, defendant is entitled to the retroactive application of the amendments it makes to section 1170.95. (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 973; *People v. Vieira* (2005) 35 Cal.4th 264, 305-306.) This impacts defendant's petition for relief under section 1170.95 in two ways.

First, the basis for the trial court's ruling has been invalidated by the amendments to section 1170.95 made through Senate Bill 775 that clarify a prior appellate conclusion that substantial evidence supports a conviction is now insufficient to render a defendant ineligible for relief under section 1170.95 as a matter of law. As a result, this court's prior finding that there is substantial evidence to support defendant's conviction for murder as a direct aider and abettor cannot be relied upon to foreclose relief at the prima facie stage. (§ 1170.95, subd. (d)(3).)

Nor can we conclude, based on the record, that defendant is otherwise ineligible as a matter of law for relief under section 1170.95. There is nothing in the record that indicates which theory the jury adopted, or whether the jurors were even unanimous in the theory of guilt. Thus, the record does not preclude the possibility that the jury found defendant guilty on a theory that does not comport with the malice requirements under

5

sections 188 and 189.  We therefore cannot say, and did not previously decide, that defendant possessed the intent to kill as a matter of law.  Accordingly, we reverse and remand the matter to the trial court to conduct further proceedings in accordance with the terms of section 1170.95.

In addition, Senate Bill 775 amended section 1170.95 to allow certain persons who were convicted of attempted murder to petition for relief.  (§ 1170.95, subd. (a).)  While we make no comment on whether defendant will be able to establish a prima facie showing of eligibility for resentencing as to his attempted murder conviction, we conclude he is entitled to the opportunity to do so, under the amended parameters of section 1170.95.  The cause is therefore remanded to the trial court with directions to reconsider the cause in light of section 1170.95.

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is reversed, and the matter is remanded with directions for the trial court to conduct further proceedings consistent with this opinion.


      /s/
      HOCH, J.


We concur:


 /s/
ROBIE, Acting P. J.


 /s/
RENNER, J.

6